## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK SAWYER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-5221** |
| | : | |
| **EXTRA STORAGE SPACE** | : | |
| **FOLCROFT,** | : | |
| **STORAGE COMPANY,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**MARSTON, J.**                                                    **November 6, 2025**

Pro se Plaintiff Mark Sawyer initiated this civil action by filing a Complaint against Defendants Extra Storage Space Folcroft, William Bennett, ESIS, Inc., and Zachary Taggart. (Doc. No. 2.)  Sawyer seeks leave to proceed *in forma pauperis*.  (Doc. No. 1.)  For the following reasons, the Court will grant Sawyer *in forma pauperis* status and dismiss his Complaint.

## I.    FACTUAL ALLEGATIONS[1]

Sawyer's allegations are brief.  He alleges that he rented a storage unit from Extra Storage Space Folcroft at its Folcroft, Pennsylvania location for some unidentified period and that his musical equipment and other personal belongings were stolen while stored there.  (Doc. No. 2 at 4.)  He claims Extra Storage Space Folcroft, Bennett, and ESIS[2] failed to protect his belongings, even though Sawyer "continue[d] to follow the written and agreed contract."  (*Id.*) Sawyer appears to allege that after the theft, he discussed his damages with Bennett, who is identified as the assistant store manager for the Folcroft Facility, but Sawyer has yet to be

---

[1] The facts set forth in this Memorandum are taken from Sawyer's Complaint (Doc. No. 2).  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

[2] Although included in the list of Defendants, Sawyer does not present any factual allegations against Zachary Taggart, who is identified as "Lead Agent."  (*See* Doc. No. 2 at 3.)

reimbursed for the cost of his belongings. (*Id.*) Sawyer also discussed his belongings with ESIS, which he identifies as an insurance company, but it is unclear whether anything came of those discussions. (*Id.*) According to Sawyer, he suffered mental harm from "th[e] storage [c]ompany continuously promising to . . . return[ ]" his property to him.[3] (*Id.* at 5.) Based on these allegations, Sawyer contends that his constitutional rights were violated. (*Id.* at 3–4.) His Complaint also references state landlord-tenant and contract law. (*See id.* at 3.) As relief, Sawyer seeks monetary damages. (*Id.* at 5.)

## II.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The Court will grant Sawyer leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").

## III.    SCREENING UNDER § 1915(E)

Because the Court grants Sawyer leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

---

[3] It is unclear why Sawyer believed Defendants would be able to return his stolen property.

[4] Although Sawyer failed to provide fulsome information in his application to proceed *in forma pauperis*, he submitted a Notice of Award from the Social Security Administration indicating that he has been awarded monthly disability benefits in the amount of approximately $1,100. (*See* Doc. No. 2 at 12.) For purposes of this matter, the Court will deem Sawyer's submission as substantial compliance with the standards of 28 U.S.C. § 1915(a) and grant him *in forma pauperis* status.

### A.    Legal Standard

In analyzing a complaint under § 1915(e)(2)(B)(ii), we use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  So, the Court must determine whether Sawyer's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice.  *Id.*  However, because Sawyer is proceeding pro se, we liberally construe the allegations in his Complaint.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

In addition, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Group Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016).  "Jurisdictional [issues] . . .  may be raised at any time and courts have a duty to consider them *sua sponte*."  *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### B.    Analysis

The Court analyzes whether we have jurisdiction over Sawyer's 42 U.S.C. § 1983 and state law claims in turn.

#### 1.    <u>Section 1983 Claims</u>

Sawyer attempts to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331, by using the Court's form complaint for a plaintiff alleging a civil rights violation and checking the

3

box indicating that he seeks to bring claims under 42 U.S.C. § 1983, the vehicle by which constitutional claims may be brought against state actors in federal court. (*See* Doc. No. 2 at 3.) In support of this assertion, Sawyer states that his Fourteenth Amendment due process rights are "connected to this issue." (*See id.*) However, Sawyer has not alleged any facts in support of his conclusion that his Fourteenth Amendment rights are implicated in his dispute with Defendants. *See Brown v. Wayne County*, No. 22-1506, 2023 WL 3376547, at *2 (3d Cir. May 11, 2023) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other."), *cert. dismissed sub nom. Brown v. Pennsylvania*, 144 S. Ct. 272 (2023), *reconsideration denied*, 144 S. Ct. 417 (2023).

In addition, to support his § 1983 claim, Sawyer must allege that the constitutional deprivation was "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the

challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).  Sawyer has not alleged, and nothing in the Complaint supports a determination, that Defendants meet any of these tests.  *See, e.g., Nasir v. Liberto*, No. 23-1111, 2024 WL 2017630, at *2 (D. Del. May 7, 2024) (owner of a storage locker facility was not a state actor); *Moody v. Lawson*, No. 22-4073, 2022 WL 17487735, at *2 (E.D. Pa. Dec. 7, 2022) (courts have routinely found that insurance companies are not state actors for purposes of § 1983) (collecting cases).  Instead, the factual allegations in the Complaint describe a transaction between private parties who are not subject to liability under § 1983.

In short, nothing in the Complaint suggests § 1983 is an appropriate basis for this Court to exercise federal question jurisdiction over this case.  *See Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that "vague reference to 'civil rights violations'" did not invoke federal question jurisdiction because "Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims"); *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (affirming dismissal for lack of subject matter jurisdiction because "[a]lthough Yoder's complaint purported to rely on 42 U.S.C. § 1983, her allegations do not actually implicate that federal statute").  Because that is the only federal law on which Sawyer's claims allegedly rest, the Court cannot exercise jurisdiction under § 1331.

### 2.    <u>State Law Claims</u>

To the extent Sawyer seeks to raise breach of contract or tort claims under Pennsylvania law, there is no independent basis for the Court's jurisdiction over any such claims.  The only possible basis for jurisdiction is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between . . . citizens of different States."[5]  "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010); *see also Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022) ("[A]t the time the complaint is filed, no party can be a citizen of the same state as any opposing party.").  For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c).  "The party asserting diversity jurisdiction bears the burden of proof." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006); *accord Moslem v. Strauhs*, No. 23-3250, 2024 WL 3250361, at *1 (3d Cir. July 1, 2024).

Sawyer does not explicitly allege the citizenship of the parties.  Rather, he represents that the events giving rise to his claims occurred in Folcroft, Pennsylvania, and provides a Philadelphia, Pennsylvania, address for himself and a Folcroft, Pennsylvania, address for each of the Defendants (*see* Doc. No. 2 at 2–4), which suggest that complete diversity is lacking. Accordingly, Sawyer has failed to meet his burden of pleading complete diversity for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.  *See Trinh v. Trinh*, No. 24-1866, 2024 WL 4501078, at *1 (3d Cir. Oct. 16, 2024) (noting that although the pro se plaintiff failed to assert that the court had diversity jurisdiction over her suit, the complaint lacked complete diversity of citizenship because all of the parties were "listed as having

---

[5] Because this Court never had federal question jurisdiction over this lawsuit, there is no basis for exercising supplemental jurisdiction over Sawyer's state law claims.

addresses within Pennsylvania"); *Emrit v. Combs*, No. 24-1269, 2024 WL 2794454, at *2 n.3 (3d

Cir. May 31, 2024) (affirming dismissal of state law claims for lack of complete diversity where

plaintiff failed to make affirmative allegations of the defendants' citizenship or to even assert

that the defendants are "not . . . citizen[s] of [his] state of citizenship." (citing *Lincoln Benefit

Life Co.*, 800 F.3d at 107)).

    Accordingly, this Court also lacks the ability to hear Sawyer's state law claims.

**IV.    CONCLUSION**

    For the foregoing reasons, the Court will grant Sawyer leave to proceed *in forma

pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction.  *See

Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291

(3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the

merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel

Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))).  Sawyer will not be given leave to amend because

amendment would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir.

2002).  The Court's dismissal does not preclude Sawyer from refiling his claims in the

appropriate state court should he choose to do so.[6]  An appropriate order follows.

---

[6] The Court expresses no opinion on the merits of any such claims.